## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ALVIN L. HINTZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-C-1444 |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | Judge Dow, Jr. |
| COMPANY OF AMERICA | ) | |
| | ) | Magistrate Judge Valdez |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

### ANSWER TO AMENDED COMPLAINT

Comes now the Defendant, **The Prudential Insurance Company of America**, by its

attorneys, Morgan Lewis & Bockius LLP and states as follows:

### Jurisdiction and Venue

## COMPLAINT ¶ 1:

Jurisdiction of the court is based upon the Employee Retirement Income Security Act of
1974 (ERISA); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give
the district courts jurisdiction to hear civil actions brought to recover benefits due under the
terms of an employee welfare benefit plan which, in this case, consists of a group long term
disability insurance plan underwritten by The Prudential Insurance Company of America
("Prudential"), for the benefit of employees of CCL Custom Manufacturing, Inc. In addition,
this action may be brought before this court pursuant to 28 U.S.C. 1331, which gives the district
court jurisdiction over actions that arise under the laws of the United States.

## ANSWER:

Defendant denies the allegations in paragraph 1 except that Defendant admits federal

question jurisdiction. Defendant further admits that CCL Custom Manufacturing, Inc. entered

into a contract of insurance with Prudential to provide long-term disability benefits to employees

of CCL Custom Manufacturing, Inc. under Group Policy # G-41356-IL according to the terms

and conditions of the Plan and Policy.  Prudential administers claims made under the policy.

Defendant also admits that Prudential underwrites and insures the Plan.

## COMPLAINT ¶ 2:

The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials.  Those avenues of appeal have been exhausted.

## ANSWER:

Defendant admits that in a letter dated August 30, 2007 it stated that plaintiff had

completed the administrative appeals process and no further levels of appeal were available.  The

remaining allegations of paragraph 2 are conclusions of law to which no responsive pleading is

required.

## COMPLAINT ¶ 3:

Venue is proper in the Northern District of Illinois, where the Plan was purchased and where CCL (later KIK) is located.  29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391.

## ANSWER:

After reasonable investigation, defendant is without knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 3 except that Defendant admits

venue.

### Nature of Action

## COMPLAINT ¶ 4:

This is a claim seeking an award to plaintiff of disability benefits pursuant to the policy of insurance, Policy # G-41356-IL underwritten by the Prudential Insurance Company of America to provide long term disability insurance benefits to employees of CCL Custom Manufacturing, Inc. (a true and correct copy of the disability policy is attached hereto and by that reference incorporated herein as Exhibit "A").  This action, seeking recovery of benefits, is brought pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)).

**ANSWER:**

After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 except that defendant admits that ERISA governs this action. Defendant further admits that CCL Custom Manufacturing, Inc. entered into a contract of insurance with Prudential to provide long-term disability benefits to employees of CCL Custom Manufacturing, Inc. under Group Policy # G-41356-IL according to the terms and conditions of the Plan and Policy. Prudential administers claims made under the policy. Defendant further admits that Prudential underwrites and insures the Plan.

**The Parties**

**COMPLAINT ¶ 5:**

Alvin Hintz ("Hintz" or "Plaintiff") at all times relevant was a resident of Danville, Illinois, was employed in Rosemont, Illinois, and the events, transactions, and occurrences relevant to Hintz's claim of disability took place within the Northern District of Illinois.

**ANSWER:**

After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

**COMPLAINT ¶ 6:**

The Prudential Insurance Company of America ("Prudential" or "Defendant") is an insurer of long term disability benefits. At all times relevant hereto, Prudential was doing business throughout the United States and within the Northern District of Illinois.

**ANSWER:**

Prudential admits that it is a New Jersey corporation and is a subsidiary of Prudential Holdings, LLC, a New Jersey Limited Liability Company which owns 100 percent of the stock of Prudential, that Prudential Holdings, LLC is a subsidiary of Prudential Financial, Inc., which owns 100 percent of Prudential Holdings, LLC, and that Prudential Financial, Inc. is a publicly-held New Jersey corporation traded on the New York Stock Exchange under the symbol "PRU"

and no parent corporation or any publicly-held corporation owns ten percent or more of its stock.

Prudential further admits that it is authorized to do business in Illinois as an insurer under the

name Prudential Insurance Company of America

**COMPLAINT ¶ 7:**

At all times relevant hereto, the Long Term Disability Coverage for All Employees classified by the contract holder as Officers, Directors, General Managers, and their management level direct reports located in United States of CCL Custom Manufacturing, Inc. ("Plan") constituted an "employee welfare benefit plan" as defined by 29 U.S.C. 1002(1); and incident to his employment, Hintz received coverage under the Plan as a "participant" as defined by 29 U.S.C. § 1002(7).  This claim relates to benefits under the foregoing Plan.

**ANSWER:**

After reasonable investigation, defendant is without knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 7 except that defendant admits that

CCL Custom Manufacturing, Inc. entered into a contract of insurance with Prudential to provide

long-term disability benefits to employees of CCL Custom Manufacturing, Inc. under Group

Policy # G-41356-IL according to the terms and conditions of the Plan and Policy.  Prudential

admits that the Long Term Disability Plan for All Employees classified by the contract holder as

Officers, Directors, General Managers, and their management level direct reports located in

United States of CCL Custom Manufacturing, Inc. ("Plan") constituted an "employee welfare

benefit plan" as defined by 29 U.S.C. 1002(1).  Defendant further admits that covered employees

of CCL Custom Manufacturing, Inc are eligible to receive disability benefits pursuant to the

terms and conditions of Group Policy # G-41356-IL.

**Statement of Facts**

**COMPLAINT ¶ 8:**

Hintz was employed as the Director of Information Systems at CCL Custom Manufacturing in Rosemont, Illinois.

**ANSWER:**

After reasonable investigation, defendant is without knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 8.

**COMPLAINT ¶ 9:**

Hintz underwent coronary bypass surgery in 1998 and leg revascularization in April 2004 due to peripheral artery disease. Hintz continued to suffer complications from his impairments and the cardiovascular procedures, with severe chronic pain and swelling in his legs and feet and chronic fatigue. Hintz also suffered from uncontrolled Type II diabetes mellitus, which exacerbated his risk of further cardiovascular events. He has also been found to have distal bilateral carotid artery stenosis, history of TIAs in the left MCA territory, coronary artery disease, peripheral vascular disease, hypertension, hyperlipidemia and probable obstructive sleep apnea.

**ANSWER:**

After reasonable investigation, defendant is without knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 9.

**COMPLAINT ¶ 10:**

Hintz began working at CCL Custom Manufacturing ("CCL") on January 10, 1995 and in the later years of his employment was able to work despite the worsening of his severe medical conditions, as CCL made substantial efforts to accommodate Hintz's limitations. These accommodations included reduced hours, time off for physical therapy and rest, opportunities to work from home, reduced travel and business meeting participation, and concessions in work dress to accommodate recovery from surgeries and therapy.

**ANSWER:**

After reasonable investigation, defendant is without knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 10.

**COMPLAINT ¶ 11:**

In May 2005, CCL was purchased by KIK Custom Products, Inc. ("KIK"), which is also located in Rosemont, Illinois.

**ANSWER:**

After reasonable investigation, defendant is without knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 11.

**COMPLAINT ¶ 12:**

While working at CCL, decisions regarding Hintz's employment, including decisions to accommodate his medical conditions, were made by the Vice President of Human Resources and Vice President of Finance.  When KIK purchased CCL in May 2005, those decisions transferred to KIK management.  Hintz continued to work under medical restrictions, as he had for the past few years, but was abruptly involuntarily terminated by KIK approximately three months after it had purchased CCL, on August 8, 2005.

**ANSWER:**

After reasonable investigation, defendant is without knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 12.

**COMPLAINT ¶ 13:**

Hintz applied for long term disability benefits under the terms of the Plan, which states, in relevant part:

"You are disabled when Prudential determines that:

- You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and

- You have a 20% or more loss in your indexed monthly earnings due to that sickness or injury."

(Exhibit A at 10).

**ANSWER:**

Defendant admits that in order to receive benefits under Group Policy # G-41356-IL,

covered employees must meet all contractual requirements including the following definition of

"Disability":

You are disabled when Prudential determines that:

- you are unable to perform the material or substantial duties of your regular occupation due to sickness or injury; and
- you have a 20% or more loss in your indexed monthly earnings due to that sickness or injury.

Defendant denies the remaining allegations of Paragraph 13 to the extent inconsistent with the terms of Group Policy # G-41356-IL.

## COMPLAINT ¶ 14:

In addition, Hintz applied for and was awarded benefits from the Social Security Administration, with an onset date of August 8, 2005. The Social Security Administration defines disability as "an inability to perform substantial gainful activity." 42 U.S.C. § 423(d)(1)(A). (a true and correct copy of the Social Security award letter is attached hereto and by that reference incorporated herein as Exhibit "B").

## ANSWER:

After reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

## COMPLAINT ¶ 15:

Although Hintz provided Prudential with substantial medical evidence supporting his diagnosis and condition, Prudential denied Hintz long term disability benefits on June 27, 2006, asserting that Hintz did not meet the definition of Total Disability prior to August 9, 2005, when his long term disability coverage ceased.

## ANSWER:

Prudential denies the allegations in paragraph 15 except that Prudential admits that in a letter dated June 27, 2006, it denied plaintiff's claim for long-term disability benefits.

## COMPLAINT ¶ 16:

Hintz subsequently appealed Prudential's determination twice, including with each appeal the opinions of his treating physicians which refuted Prudential's assertion that Hintz's impairments did not render him disabled prior to August 9, 2005. Hintz also submitted statements from his supervisors, human resources executives and other colleagues at CCL who acknowledged that the company had consistently accommodated Hintz's medical impairments prior to his involuntary termination. Regardless, Prudential denied both appeals on January 25, 2007 and August 30, 2007, respectively.

**ANSWER:**

Prudential denies the allegations in paragraph 16 except that Prudential admits that in a letter dated January 25, 2007, Prudential denied plaintiff's first request for reconsideration of its decision to deny plaintiff's claim for long-term disability benefits.  Prudential further admits in a letter dated August 30, 2007, Prudential denied plaintiff's second and final request for reconsideration of its decision to deny plaintiff's claim for long-term disability benefits.

**COMPLAINT ¶ 17:**

On January 17, 2008, Hintz submitted a letter to Prudential, giving it the opportunity to Reconsider his case before filing suit and additionally providing a letter from the Senior Vice President of Human Resources at CCL who confirmed that while employed at CCL, Hintz suffered from many medical issues which CCL accommodated.  However, by letter dated January 31, 2008, Prudential notified Hintz that it would not reconsider his claim.

**ANSWER:**

Prudential denies the allegations in paragraph 17 except that Prudential admits that in a letter dated August 30, 2007, Prudential denied Plaintiff's second and final request for reconsideration of its decision to deny plaintiff's claim for long-term disability benefits.  Prudential further admits that it received plaintiff's request for additional consideration of plaintiff's claim on January 17, 2008.  Finally, Prudential admits that in a letter dated January 31, 2008, it stated "[h]owever, as indicated in our most recent correspondence dated August 30, 2007, you have completed the administrative appeals process available and no further levels of appeal are available."

**COMPLAINT ¶ 18:**

All avenues of administrative appeal or review to Prudential have now been exhausted; therefore this matter is ripe for judicial review.

**ANSWER:**

Admitted.

**COMPLAINT ¶ 19:**

The evidence submitted to Prudential establishes Hintz's entitlement to payment of long term disability benefits in the amount of $5,866.20 monthly, minus a set-off for Social Security disability benefits.  Such benefits should be paid retroactive to February 8, 2006 (the date Hintz's benefits would become effective following the 180-day elimination period) and should continue under the terms and conditions of the Plan as long as he continues to meet the policy conditions for benefits.

**ANSWER:**

Denied.

WHEREFORE, plaintiff prays for the following relief:

A.    That the court enter judgment in plaintiff's favor and against the defendant and that the court order the defendant to pay long term disability income benefits to plaintiff in an amount equal to the contractual amount of benefits to which he is entitled;

B.    That the court order the defendant to pay plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C.    That the court order defendant to continue paying plaintiff benefits for as long as he continues to meet the policy conditions for benefits.

D.    That the court award plaintiff his attorney's fees pursuant to 29 U.S.C. § 1132(g); and

E.    That plaintiff recover any and all other relief to which he may be entitled, as well as the costs of suit.

**ANSWER:**

Denied.

## ADDITIONAL DEFENSES

1.    Defendant Prudential has discretion to interpret its decision and to make any and all factual determinations under the policy it has issued.  Defendant's determinations are entitled to deference.

2.    Any benefits due under the policy of insurance are subject to offset in accordance with the terms of the Plan.

3.    Defendants are entitled to their attorney's fees under 29 U.S.C. § 1132(g).

Respectfully submitted,


By:  /s/   John R. Richards _____

Charles C. Jackson
John R. Richards
**Morgan, Lewis & Bockius LLP**
77 West Wacker Drive, Fifth Floor
Chicago, Illinois  60601
Tel:     312.324.1000
Fax:     312.324.1001
charles.jackson@morganlewis.com
jrrichards@morganlewis.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 1, 2008, a true and correct copy of the foregoing **Answer To**

**Amended Complaint** was served through the Court's ECF system, on:

Marcie E. Goldbloom
Daley, DeBofsky and Bryant
mgoldbloom@ddbchicago.com


/s/  John R. Richards