IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALVIN L. HINTZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 08-C-1444 |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | Judge Dow, Jr. |
| COMPANY OF AMERICA | ) | |
| | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, ALVIN HINTZ, by his attorneys, MARCIE E. GOLDBLOOM and DALEY, DEBOFSKY & BRYANT, and complaining against the defendant, states:

*Jurisdiction and Venue*

1.   Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f).  Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability insurance plan underwritten by The Prudential Insurance Company of America ("Prudential"), for the benefit of employees of CCL Custom Manufacturing, Inc.  In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2.   The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials.  Those avenues of appeal have been exhausted.

3.   Venue is proper in the Northern District of Illinois, where the Plan was purchased and where CCL (later KIK) is located.  29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391.

*Nature of Action*

4.     This is a claim seeking an award to plaintiff of disability benefits pursuant to the policy of insurance, Policy # G-41356-IL underwritten by the Prudential Insurance Company of America to provide long term disability insurance benefits to employees of CCL Custom Manufacturing, Inc. (a true and correct copy of the disability policy is attached hereto and by that reference incorporated herein as Exhibit "A").  This action, seeking recovery of benefits, is brought pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)).

*The Parties*

5.     Alvin Hintz ("Hintz" or "Plaintiff") at all times relevant was a resident of Danville, Illinois, was employed in Rosemont, Illinois, and the events, transactions, and occurrences relevant to Hintz's claim of disability took place within the Northern District of Illinois.

6.     The Prudential Insurance Company of America ("Prudential" or "Defendant") is an insurer of long term disability benefits. At all times relevant hereto, Prudential was doing business throughout the United States and within the Northern District of Illinois.

7.     At all times relevant hereto, the Long Term Disability Coverage for All Employees classified by the contract holder as Officers, Directors, General Managers, and their management level direct reports located in United States of CCL Custom Manufacturing, Inc. ("Plan") constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); and incident to his employment, Hintz received coverage under the Plan as a "participant" as defined by 29 U.S.C. § 1002(7).  This claim relates to benefits under the foregoing Plan.

*Statement of Facts*

8.      Hintz was employed as the Director of Information Systems at CCL Custom Manufacturing in Rosemont, Illinois.

9.      Hintz underwent coronary bypass surgery in 1998 and leg revascularization in April 2004 due to peripheral artery disease. Hintz continued to suffer complications from his impairments and the cardiovascular procedures, with severe chronic pain and swelling in his legs and feet and chronic fatigue. Hintz also suffered from uncontrolled Type II diabetes mellitus, which exacerbated his risk of further cardiovascular events.  He has also been found to have distal bilateral carotid artery stenosis, history of TIAs in the left MCA territory, coronary artery disease, peripheral vascular disease, hypertension, hyperlipidemia and probable obstructive sleep apnea.

10.     Hintz began working at CCL Custom Manufacturing ("CCL") on January 10, 1995 and in the later years of his employment was able to work despite the worsening of his severe medical conditions, as CCL made substantial efforts to accommodate Hintz's limitations. These accommodations included reduced hours, time off for physical therapy and rest, opportunities to work from home, reduced travel and business meeting participation, and concessions in work dress to accommodate recovery from surgeries and therapy.

11.     In May 2005, CCL was purchased by KIK Custom Products, Inc. ("KIK"), which is also located in Rosemont, Illinois

12.     While working at CCL, decisions regarding Hintz's employment, including decisions to accommodate his medical conditions, were made by the Vice President of Human Resources and Vice President of Finance. When KIK purchased CCL in May 2005, those decisions transferred to KIK management. Hintz continued to work under medical restrictions, as he had for the past few

years, but was abruptly involuntarily terminated by KIK approximately three months after it had purchased CCL, on August 8, 2005.

13. Hintz applied for long term disability benefits under the terms of the Plan, which states, in relevant part:

"You are disabled when Prudential determines that:

- You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and

- You have a 20% or more loss in your indexed monthly earnings due to that sickness or injury."

(Exhibit A at 10).

14. In addition, Hintz applied for and was awarded benefits from the Social Security Administration, with an onset date of August 8, 2005. The Social Security Administration defines disability as "an inability to perform substantial gainful activity." 42 U.S.C. §423(d)(1)(A). (a true and correct copy of the Social Security award letter is attached hereto and by that reference incorporated herein as Exhibit "B").

15. Although Hintz provided Prudential with substantial medical evidence supporting his diagnosis and condition, Prudential denied Hintz long term disability benefits on June 27, 2006, asserting that Hintz did not meet the definition of Total Disability prior to August 9, 2005, when his long term disability coverage ceased.

16. Hintz subsequently appealed Prudential's determination twice, including with each appeal the opinions of his treating physicians which refuted Prudential's assertion that Hintz's impairments did not render him disabled prior to August 9, 2005. Hintz also submitted statements

from his supervisors, human resources executives and other colleagues at CCL who acknowledged that the company had consistently accommodated Hintz's medical impairments prior to his involuntary termination. Regardless, Prudential denied both appeals on January 25, 2007 and August 30, 2007, respectively.

17. On January 17, 2008, Hintz submitted a letter to Prudential, giving it the opportunity to Reconsider his case before filing suit and additionally providing a letter from the Senior Vice President of Human Resources at CCL who confirmed that while employed at CCL, Hintz suffered from many medical issues which CCL accommodated. However, by letter dated January 31, 2008, Prudential notified Hintz that it would not reconsider his claim.

18. All avenues of administrative appeal or review to Prudential have now been exhausted; therefore this matter is ripe for judicial review.

19. The evidence submitted to Prudential establishes Hintz's entitlement to payment of long term disability benefits in the amount of $5,866.20 monthly, minus a set-off for Social Security disability benefits. Such benefits should be paid retroactive to February 8, 2006 (the date Hintz's benefits would become effective following the 180-day elimination period) and should continue under the terms and conditions of the Plan as long as he continues to meet the policy conditions for benefits.

WHEREFORE, plaintiff prays for the following relief:

A. That the court enter judgment in plaintiff's favor and against the defendant and that the court order the defendant to pay long term disability income benefits to plaintiff in an amount equal to the contractual amount of benefits to which he is entitled;

B.      That the court order the defendant to pay plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C.      That the court order defendant to continue paying plaintiff benefits for as long as he continues to meet the policy conditions for benefits;

D.      That the court award plaintiff his attorney's fees pursuant to 29 U.S.C. § 1132(g); and

E.      That plaintiff recover any and all other relief to which he may be entitled, as well as the costs of suit.

Respectfully Submitted

s/ Marcie E. Goldbloom
Marcie E. Goldbloom
One of the Plaintiff's Attorneys

Daley, DeBofsky and Bryant
55 W Monroe St Ste 2440
Chicago, Illinois 60603
(312) 372-5200 / FAX (312) 372-2778

**CERTIFICATE OF SERVICE**

TO:    Charles C. Jackson
John R. Richards
Morgan, Lewis & Brockius, LLP
77 West Wacker Drive, 5th Floor
James R. Thompson Center
Chicago, IL 60601

The undersigned attorney hereby certifies that on April 29, 2008, she electronically filed the foregoing FIRST AMENDED COMPLAINT with the Clerk of the Court using the CMF/ECF filing system, which sent notice of such filing to: Charles C. Jackson and John R. Richards, and that I hereby certify that I have mailed via the United States Postal Service the document to the following non-CMF/ECF participants: N/A

|  |  |
|---|---|
|  | s/ Marcie E. Goldbloom |
|  | Marcie E. Goldbloom |
| Daley, DeBofsky & Bryant | Attorney for Plaintiff |
| 55 West Monroe St., Suite 2440 | Alvin Hintz |
| Chicago, Illinois 60603 | mgoldbloom@ddbchicago.com |
| (312) 372-5200; (312) 372-2778 *fax* |  |