IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALVIN L. HINTZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 08-C-1444 |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | Judge Dow, Jr. |
| COMPANY OF AMERICA | ) | |
| | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S ADDITIONAL DEFENSES**

Plaintiff, ALVIN HINTZ, by his attorneys, MARCIE E. GOLDBLOOM and DALEY, DEBOFSKY & BRYANT, states as follows:

**ADDITIONAL DEFENSES**

**ADDITIONAL DEFENSES ¶ 1:**

Defendant Prudential has discretion to interpret its decision and make any and all factual determinations under the policy it has issued. Defendant's determinations are entitled to deference.

**ANSWER:**

Plaintiff denies Defendant's allegations in paragraph 1, as the Plan administered, underwritten and insured by Defendant, Group Policy # G-41356-IL, does not contain language conferring discretionary authority to Defendant. Thus, Defendant's determinations are not entitled to deference, and will be reviewed *de novo* by the Court.

**ADDITIONAL DEFENSES ¶ 2:**

Any benefits due under the policy of insurance are subject to offset in accordance with the terms of the Plan.

**ANSWER:**

Plaintiff denies Defendant's allegations in paragraph 2, as Plaintiff's benefits are subject to an offset of Social Security Disability benefits described in paragraph 19 of Plaintiff's Complaint.

**ADDITIONAL DEFENSES ¶ 3:**

Defendants are entitled to their attorney's fees under 29 U.S.C. § 1132(g).

**ANSWER:**

Plaintiff denies Defendant's allegations in paragraph 3, as Plaintiff is disabled under the Plan as of August 8, 2005, and is entitled to long term disability benefits retroactive to February 8, 2006 (the date Plaintiff's benefits would become effective following the 180-day elimination period), pursuant to Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Plaintiff's benefits should continue under the terms and conditions of the Plan as long as he continues to meet the policy definition for benefits. Accordingly, Plaintiff is also entitled to his attorney's fees pursuant to 29 U.S.C. § 1132(g).

Respectfully Submitted

s/ Marcie E. Goldbloom
Marcie E. Goldbloom
One of the Plaintiff's Attorneys

Daley, DeBofsky and Bryant
55 W Monroe St Ste 2440
Chicago, Illinois 60603
(312) 372-5200 / FAX (312) 372-2778

**CERTIFICATE OF SERVICE**

TO:   Charles C. Jackson
      John R. Richards
      Morgan, Lewis & Brockius, LLP
      77 West Wacker Drive, 5th Floor
      James R. Thompson Center
      Chicago, IL 60601

The undersigned attorney hereby certifies that on May 7, 2008, she electronically filed the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S ADDITIONAL DEFENSES with the Clerk of the Court using the CMF/ECF filing system, which sent notice of such filing to: Charles C. Jackson and John R. Richards, and that I hereby certify that I have mailed via the United States Postal Service the document to the following non-CMF/ECF participants: N/A

s/ Marcie E. Goldbloom
Marcie E. Goldbloom

| | |
|---|---|
| Daley, DeBofsky & Bryant | Attorney for Plaintiff |
| 55 West Monroe St., Suite 2440 | Alvin Hintz |
| Chicago, Illinois 60603 | mgoldbloom@ddbchicago.com |
| (312) 372-5200; (312) 372-2778 *fax* | |