# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1444 | **DATE** | 6/6/2008 |
| **CASE TITLE** | Hintz vs. Prudential Ins. Co. | | |

**DOCKET ENTRY TEXT**

Pursuant to the discovery plan agreed-to by the parties as a result of their Rule 26(f) planning conference, the Court hereby ORDERS, in accordance with Local Rule 26.2, that the documents in this case be restricted in accordance with the specifications set forth below.

■[ For further details see text below.]     Docketing to mail notices.

**STATEMENT**

This is an action challenging the denial of ERISA plan benefits. The parties agree that the case should be decided by the Court on the administrative claim record and the briefs. The parties jointly have proposed to file the administrative claim record under seal because it contains extensive medical records that are personal and confidential. The parties further submit that redaction of personal identifiers would not adequately protect Plaintiff's privacy, because this action necessarily is brought in his own name.

Pursuant to Local Rule 26.2, the Court may, for good cause shown, enter an order directing that one or more documents be restricted. Based on the representations of the parties, the Court finds that good cause exists to restrict access to the administrative claim record in this case and to permit the administrative claim record to be filed under seal under the procedures set forth in Local Rules 5.8 and 26.2. The parties are directed to comply with those Local Rules when they file the administrative record, which the parties have proposed to file on or before 6/18/08.

As required by Local Rule 26.2(b), the Court states that (i) the parties to this litigation and counsel of record shall have access to the administrative record without further order of the Court and (ii) the Clerk of the Court shall maintain the administrative claim record for a period of 63 days following the final disposition of this case, including any appeals, after which time the Clerk shall return the administrative claim record in the sealed envelope to the attorney who filed it.