**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ALVIN HINTZ, JR.,

                Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

                Defendant.

Case No.: 1:08-cv-01444
*Honorable Robert M. Dow, Jr.*
*Magistrate Judge Maria Valdez*

**RESPONSE TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO
COMPLETE DISCOVERY AND MOTION FOR A PROTECTIVE ORDER**

After agreeing to July 18, 2008 as the discovery cut off in the parties' case management

plan submitted on May 1, 2008 [Docket #21], Plaintiff Alvin Hintz, Jr. ("Plaintiff") did not

actually serve discovery until June 24, 2008, less than 30 days before the discovery cut off.  In an

attempt to now save his improper and untimely discovery responses, Plaintiff today filed a

motion for an extension of time to complete discovery. Even more questionable is Plaintiff's

amazing reasoning that an extension was needed ***to allow counsel for Defendant The Prudential***

***Insurance Company of America ("Prudential") sufficient time to prepare answers to the***

***discovery*** -- **after** having reached out to counsel for Prudential and having been told that

Prudential does not consent to the relief sought and in fact, opposes the request for extension

given that the discovery was served untimely. *Laborers' Pension Fund v. Blackmore Sewer*

*Construction Inc.*, 298 F.3d 600, 605-06 (7th Cir. 2002) (service of requests for admission was

untimely when made so that the responses were due after the discovery cut-off date.)  It is

Plaintiff who needs an extension of time, rendering her untimely served discovery requests

timely, not Prudential.

For all these reasons, Prudential respectfully requests that Plaintiff's motion for an extension to complete discovery be denied and Prudential be protected from Plaintiff's untimely and irrelevant discovery.

## **FACTUAL BACKGROUND**

On May 1, 2008, the parties, after a Rule 26(f) scheduling conference, submitted an agreed upon scheduling report, providing that Prudential opposes any and all discovery and Plaintiff seeks leave to submit a motion for leave to seek discovery in case of a conflict of interest or incompleteness of the claim file. [Docket #21] The parties further agreed to a discovery cut off of July 18, 2008. [Docket #21]

Without filing a motion, showing good cause for her discovery sought as required under *Patton v. Sun Life Financial Distributors*, 480 F.3d 478 (7th Cir. 2007) and as agreed upon the parties' scheduling report, Plaintiff served interrogatories and requests for production of documents on former counsel for Prudential via regular mail on June 24, 2008. A true and correct copy of Plaintiff's discovery is attached hereto as Exhibit A. Prudential's answers are due July 29, 2008, 11 days after the discovery cut off agreed to by Plaintiff.

On July 7, 2008, Prudential moved for substitution of counsel. [Docket #28-32]

Today, Plaintiff's counsel, through her assistant, contacted counsel for Prudential to obtain her agreement to an extension of time to pursue her untimely discovery. Counsel for Prudential communicated her objection.

## **LEGAL ARGUMENT**

**A.    Plaintiff's Request For An Extension To Save His Untimely Issued Discovery Requests Should Not Be Allowed.**

After agreeing to the case management report on May 1, 2008, including his filing a motion for leave seeking discovery should he need same either based on conflict of interest or

2

based on incompleteness of the record as well as a discovery cut off of July 18, 2008, Plaintiff did not propound any discovery until June 24, 2008. (Ex. A) Plaintiff served his eight interrogatories and eight requests to produce upon former counsel of Prudential by regular mail. As such, Prudential's answers to Plaintiff's discovery are due on July 29, 2008, 11 days after the discovery cut off.

Seventh Circuit case law does not condone dilatory issuance of discovery. Indeed, discovery served without allowing the other side to submit timely responses within the discovery period do not have to be responded to. *See Laborers' Pension Fund v. Blackmore Sewer Construction Inc.,* 298 F.3d 600, 605-06 (7th Cir. 2002), *Coram Health Care Corp. v. MCI Worldcom Communications, Inc.*, No. 01 C 1096, 2001 U.S. Dist. LEXIS 18909 (N.D. Ill Nov. 15, 2001) (Defendants did not have an opportunity to timely submit their responses within the discovery period, so defendants were under no obligation to respond); *Fahey v. Creo Products, Inc.*, No. 96 C 5709, 1998 U.S. Dist. LEXIS 12214 (N.D. Ill. Aug. 4, 1998) (request for admissions served one day before discovery cut-off was untimely; defendant need not respond); *Adams v. Budd Co*., No. 85-566, 1987 U.S. Dist. LEXIS 14657 (N.D. Ind. Feb. 9, 1987) ("Requests for discovery must be made in sufficient time to allow the opposing party to respond before the termination of discovery. Discovery requests not filed in sufficient time to allow the opponent to respond within the discovery period are untimely and the opponent is under no duty to comply with this untimely discovery request.").

Plaintiff's request to extend the time to complete discovery failed to provide one good reason to do so or explain the dilatory issuance and the dilatory motion. Certainly, his claim that Prudential should be allowed more time to answer given the substitution of counsel cannot persuade as Prudential is under no obligation to respond to the discovery served untimely.

3

For all these reasons, Plaintiff's request for an extension of time to exonerate his untimely discovery should be denied.

**B.      In All Events, Plaintiff Cannot Show Good Cause for His Discovery And For That Reason, An Extension Of Time Should Be Denied As Well.**

After acknowledging his burden of proof when desiring discovery outside of the administrative record in the joint case management report, Plaintiff went ahead and ignored same by simply serving discovery seeking information outside of the administrative record.

Under the arbitrary and capricious standard of review, the reviewing court only considers evidence before the claims administrator when the claim is denied. *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 981-982 (7th Cir. 1999); *Semien v. Life Ins. Co. of N. Am.*, 2004 U.S. Dist. LEXIS 6759 at *6 (N.D. Ill. Apr. 21, 2004), *aff'd,* 436 F.3d 805 (7th Cir. 2006)*,* ("The only relevant materials for discovery are materials that were before the plan administrators when they reached their decision."). Since *Perlman*, the district courts in the Seventh Circuit have properly refused to allow discovery on or to supplement the administrative record with material other than what a beneficiary submitted to a claim administrator in support of his or her claim for benefits. *Semien v. Life Ins. Co. of Am.*, 2004 U.S. Dist. LEXIS 6759, at *7 (N.D. Ill. 2004) (with further references).

Even under a *de novo* review, the Seventh Circuit only permits district courts to include evidence outside of the record before the administrator, if inclusion of such materials is necessary to reach an informed decision. *See Patton*, 480 F.3d 478, 492 (7th Cir. 2007); *Casey v. Uddeholm Corp.*, 32 F.3d 1094, 1099 (7th Cir. 1994). It is a matter of discretion on the part of the District Judge whether it is necessary to allow additional evidence outside of the administrative record to render an efficient, just, and well-informed result. *Krolnik v. Prudential Ins. Co. of Am.*, Case No. 2:07-cv-00064-RTR 2007 U.S. Dist. LEXIS 96847 (E.D. Wis. Nov.

19, 2007); *Bowman v. Reliance Standard Life Ins. Co.*, 2003 U.S. Dist. LEXIS 4398 (N.D. Ill. Mar. 21, 2003); *Quesinberry v. Life Ins. Co.*, 987 F.2d 1017, 1025 (4th Cir. 1993) (a district court may review evidence beyond that which was before the plan administrator only when circumstances clearly establish that additional evidence is necessary, but that as a general matter the district court should restrict itself to the evidence before the plan administrator.)

In *Patton*, 480 F.3d 478, the Seventh Circuit reviewed whether the district court abused its discretion in limiting its review to the administrative record and thus, denying plaintiff's motion to permit discovery and to introduce new evidence. *Id.* at 480. The insurer of the plan moved for summary judgment and the district court granted the motion. *Id.* Plaintiff appealed the grant of summary judgment in favor of the insurer and the denial of his motion for discovery. *Id.* While the Seventh Circuit reversed the denial of plaintiff's motion to reopen discovery, the Court noted that *Patton* was one of the "rare ones" where an abuse of discretion could be found. *Id.* at 491.

Citing *Casey*, 32 F.3d 1094, the Appeals Court noted that the district court had discretion to either limit the evidence to the record before the plan administrator, or to permit the introduction of additional evidence necessary to enable it to make an informed and independent judgment. *Patton,* 480 F.3d at 490. However, it emphasized that the district court must sufficiently explain its decision to either limit the record or open it up to additional evidence to demonstrate that it considered all relevant factors and indeed exercised its discretion. *Id.* Stating that there were numerous factors relevant to the district court's decision, it identified the most important factor as "whether the evidence is 'necessary' to an 'informed and independent judgment' on the parties' claims and defenses, which will obviously depend on the nature of the claims and whether the administrative record was 'relatively undeveloped' with respect to those

claims." *Id.* at 490-491.

The Court explained:

> A court should not automatically admit new evidence whenever it would help to reach an accurate decision. Any relevant, probative evidence increases the likelihood of an accurate decision, but always at the price of increased cost, both in the form of more money and additional time. *See Quesinberry*, 987 F.2d at 1023, *citing Perry v. Simplicity Engineering*, 900 F.2d 963, 966-67 (6th Cir. 1990). The record calls for additional evidence **only** where the benefits of increased accuracy exceed the costs, a balance familiar to the district court. Cf. Fed. R. Evid. 403; *White v. United States*, 148 F.3d 787, 791 (7th Cir. 1998); *United States v. Pulido*, 69 F.3d 192, 204 (7th Cir. 1995).

480 F.3d at 492 (emphasis added)

As mandated in *Patton*, this Court must conduct a two-step analysis in evaluating whether Plaintiff has shown good cause to seek discovery beyond the administrative record as he attempts. First, the Court must determine whether such discovery is relevant and necessary for the Court to reach an informed and independent judgment, which also depends on whether the administrative record is well-developed. Second, if the discovery sought is relevant and not already contained in the administrative record, additional evidence should be allowed *only* where the benefits of increased accuracy exceed the costs.

Most recently, the United States District Court for the Eastern District of Wisconsin dealt with this exact issue and echoing the good cause requirement of the Seventh Circuit, Judge Randa rejected discovery requests very similar to the ones at issue here. *See Krolnik, supra.*

Specifically, it appears that Plaintiff seeks discovery pertaining to bias or conflict of interest and the extent of the "full and fair review" granted. Both of these issues are entirely irrelevant in the context of a *de novo* review and no discovery should be had.

The Supreme Court has recently clarified that a conflict of interest exists when an insurer both evaluates and pays disability benefit and that such conflict is only relevant, however, with

regard to the application of the arbitrary and capricious standard of review:

> We here decide […] that a reviewing court should consider that conflict [of interest] as a *factor in determining whether the plan administrator has abused its discretion in denying benefits;* and that the significance of the factor will depend upon the circumstances of the particular case. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989).

*Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2346 (2008).

Thus, Plaintiff's discovery aimed at exploring the extent of the conflict of interest is irrelevant as a conflict of interest is only a factor on discretionary review of a benefit determination not under a *de novo* review. *Id.* at 2350 ("We turn to the question of 'how' the conflict we have just identified should 'be taken into account on judicial review of a *discretionary benefit determination*.' 552 U.S.    , 128 S. Ct. 1117, 169 L. Ed. 2d 845 (2008). In doing so, we elucidate what this Court set forth in *Firestone*, namely, that a conflict should 'be weighed as a factor in determining whether there is an abuse of discretion.'' 489 U.S., at 115, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting Restatement § 187, Comment d; alteration omitted).") Indeed, a showing of a conflict of interest is regularly used to either obtain a *de novo* standard of review or otherwise decrease the deference to be given to the claims administrator's determination. *See Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955 (9th Cir. 2006).

As here, the *de novo* standard of review already applies and the Court will give no deference to Prudential's decision to terminate Plaintiff's claim for LTD benefits, any conflict of interest or its effect on the administrator's decision making process no longer matters. Indeed, as clarified by the Seventh Circuit recently as to the type of review to be performed by this court under a de novo standard of review, "[w]hat happened before [Prudential] is *irrelevant*," *see Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640 (7th Cir. Aug. 23, 2007) (relying on *Patton,* 480 F.3d at 486) (emphasis added). The Court will only decide the "ultimate question whether

Plaintiff is entitled to the benefits he seeks under the plan." *Diaz, supra; Wilczynski v. Kemper Nat. Ins. Companies*, 178 F.3d 933, 934-45 (7th Cir. 1999). The question before this Court is not whether Prudential has abused its discretion in denying benefits, whether a conflict of interest affected Prudential's decision when it denied benefits, whether Prudential gave Plaintiff a full and fair review or whether it undertook a selective review of the evidence. Instead, the Court will be required to perform its own independent review of the record before the court and "can and must come to an independent decision on both the legal and factual issues that form the basis of [Plaintiff's] claim [for benefits]." *Id.*

It is evident based on the above and based on the nature of the required review that Plaintiff's discovery requests which aim at establishing a conflict of interest by exploring an alleged pecuniary bias of the medical professionals consulted during the claim review and the claims examiners involved in the review as well as the attempt to fish for a procedurally irregularity in the claims review, denying Plaintiff a full and fair review, seek information completely irrelevant to the Court's determination of whether Plaintiff was disabled at the time Prudential terminated his claim for LTD benefits and solely burdens and harasses Prudential. The information sought will in no way increase the accuracy of this Court's decision, and any benefit of such futile and superfluous discovery would certainly not exceed its cost. *Compare Krolnik, supra.* The discovery sought by Plaintiff should not be had.

## CONCLUSION

Plaintiff's motion to extend time to complete discovery, brought under the guise of wanting to ensure that counsel for Prudential has sufficient time to respond to the discovery given her recent appearance as new counsel for Prudential, indeed only serves Plaintiff in that his untimely served discovery requests would now become timely. Plaintiff failed to cite one viable

505141.1

reason for his dilatory and tardy issuance of discovery, which would justify extension of the deadline. As further, Plaintiff's discovery seeks entirely irrelevant information with regard to the decision to be made by this Court, Plaintiff's motion should be denied as well and Prudential protected from the discovery.

Should Plaintiff's motion be granted and an extension to complete discovery allowed, Prudential reserves any and all objections and rights to resist Plaintiff's discovery as well as to file a motion for protective order.

Respectfully Submitted,

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant**

By: _____/s/ Edna S. Bailey_____
                   One of its attorneys

Rebecca M. Rothmann
Edna S. Bailey
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
120 North LaSalle Street, Suite 2600
Chicago, IL 60602
(312) 704-0550
(312) 704-1522

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on July 18, 2008, a copy of the foregoing was served by operation of the Court's electronic filing system upon the following:

***Attorney for Plaintiff***
Marcie E. Goldbloom
Daley, DeBofsky & Bryant
55 West Monroe Street
Suite 2440
Chicago, IL 60603
(312) 372-5200

Parties may access this filing through the Court's system.

*/s/ Edna S. Bailey*
Edna S. Bailey

505141.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALVIN L. HINTZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 08-C-1444 |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | Judge Dow, Jr. |
| COMPANY OF AMERICA | ) | |
| | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANTS

TO:    Thomas F. Hurka
       Charles C. Jackson
       John R. Richards
       Morgan, Lewis & Brockius, LLP
       77 West Wacker Drive, 5th Floor
       James R. Thompson Center
       Chicago, IL 60601

PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 33, you are hereby requested to serve upon the undersigned, within 30 days after service hereof, sworn answers to the following interrogatories hereby propounded upon you.

*Definitions*

1.    "Documents" includes, but is not limited to, all originals and copies (carbon, photographic, microfilm or otherwise) of all written or printed matter, however produced or reproduced, of every kind and description, correspondence, telegrams, books, letters, ledgers, photographs, pictures, drawings, sketches, data sheets, motion pictures, publications, advertisements, brochures, pamphlets, recordings (tape, disc belt or any other type), writings, graphs, charts, phonograph records, facsimile, electronic mail and other data compilations from

which information can be obtained, translated, if necessary, by defendant through detection devices into reasonably usable form, which are in the actual or constructive possession, custody, care or control of defendant.

2.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any document which otherwise might be outside the scope of this request.

3.      "Relating to" includes constituting, referring to, pertaining to, evidencing, describing and having anything to do with, in each instance directly or indirectly.

4.      As used herein in reference to a person, "identify" shall mean to state the person's full name, last known residence address, last known business address, and to the extent that he is presently employed by another person, his employer's name and last known place of business.  If a person is deceased, "identify" shall mean to state the date and place of his death.

5.      To the extent any privilege is claimed with respect to any request made herein, you are requested to describe the nature of the documents, communications, or things not produced or disclosed and the exact privilege being claimed.

### *Interrogatories*

1.      Identify each and every person (including, but not limited to claim examiners or analysts, physicians, psychologists, consultants, vocational specialists, social security advocates, and counsel) employed or retained by defendant (either directly or through a vendor) who participated in the adjudication of any of plaintiff's claims for benefits or any appeal relating to any such claim by examining the plaintiff, reviewing any part of or all of the claim file, or by rendering or assisting in the rendering of any decision relating to plaintiff's claim, including assistance in advocating for benefits before the Social Security Administration.  For each person identified, state that person's

name, job title, tenure in that person's position of employment, and qualifications (which includes, but is not limited to, degrees, certifications, board certifications, and certificates).  In the event any person identified in response to this interrogatory is not an employee of the defendant, identify that person's employment and also state that person's qualifications.

Answer:

2.    To the extent not covered by Interrogatory No. 1, identify each and every physician, nurse, vocational consultant, or other person holding professional certification who reviewed or participated in the adjudication of plaintiff's claim for disability insurance benefits or in relation to any appeal; and state whether reports were prepared of such review.  If so, provide copies of such reports pursuant to Fed.R.Civ.P. 33(d).

Answer:

3.    To the extent not covered by Interrogatory No. 1,  with respect to any professionals involved in reviewing the claim and furnishing opinions, state the compensation paid to such individuals or the organization for which they work in relation to this matter, compensation paid to such individuals or to the organization for which they work by Prudential for the years 2005 to present, and identify the number of files reviewed by any such individual for each of the years 2005 to present, the identity of the party or parties on whose behalf files were reviewed, the percentage of professional time spent in reviewing claims for each of the years 2005 to present, and the percentage of professional time spent in each of the years 2005 to present engaged in direct patient care.

Answer:

4.      To the extent not covered in Interrogatory No. 1, with respect to any claim examiners, reviewers or analysts, or any other employee of defendant or independent contractor involved in the adjudication of plaintiff's disability claim, state the compensation or bonus paid to such individuals for work on Prudential disability claims from 2005 to present, and identify the number of claims reviewed by any such individual for each of the years 2005 to present, the number of claims which were denied by each individual from 2005 to present, and any compensation or bonus amount paid to each individual for each denied claim from 2005 to present.

Answer:

5.      State any and all rules, guidelines, protocols, standards, and criteria, whether published or internal, which were utilized in whole or in part, or which are applicable in relation to any issue adjudicated in plaintiff's claims for benefits, or in the administrative appeal thereof.

Answer:

6.      State any and all rules, guidelines, protocols, standards, and criteria, whether published or internal, used by Prudential to determine bonuses, raises, promotions or other awards made to claim adjudicators or any other employees of Prudential involved with adjudicating claims for benefits, termination of benefits or in the administrative appeal thereof.

Answer:

7.      Identify any person or persons who you anticipate will be called upon to furnish evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.  For each individual so identified, furnish copies of any reports prepared by such individual in the form required by Fed.R.Civ.P. 26(A)(2); or to the extent that there is no report, set forth the following as to each individual so identified:

i) a complete statement of all opinions to be expressed and the basis and reasons therefore;

ii) the data or other information considered by the witness in forming the opinions expressed, including medical texts, treatises, or medical journal publications;

iii) identification of any exhibits expected to be introduced by the witness(es);

iv) a statement of the qualifications of each witness, including a list of all publication authored by the witness during the previous ten years;

v) a statement setting forth the compensation paid and to be paid to each witness for formulating and presenting opinions; and

vi) a list of any cases in which any such witness has testified as an expert at trial or by deposition within the past four years.

Answer:

8.      State whether the defendant has conducted any video or audio surveillance or performed any investigation of the plaintiff, his medical condition, finances, or daily activities at

any time.  If your answer is in the affirmative, state the time period of such surveillance or investigation, the person or entity that performed such investigation, whether any reports were prepared, and if so, identify the custodian of such reports.

Answer:

_____
Attorney for plaintiff

Marcie E. Goldbloom
Daley, DeBofsky & Bryant
55 West Monroe Street, Suite 2440
Chicago, Illinois 60603
(312) 372-5200
FAX (312) 372-2778

## <u>CERTIFICATE OF SERVICE</u>

Marcie E. Goldbloom, the attorney, certifies that she served the foregoing Plaintiff's Interrogatories to Defendant by mailing a copy thereof to the individuals named below at Chicago, Illinois, on June 24, 2008.


TO:    Thomas F. Hurka
       Charles C. Jackson
       John R. Richards
       Morgan, Lewis & Brockius, LLP
       77 West Wacker Drive, 5th Floor
       James R. Thompson Center
       Chicago, IL 60601


                                        _____
                                        Marcie E. Goldbloom

Marcie E. Goldbloom
Daley, DeBofsky & Bryant
55 West Monroe Street, Suite 2440
Chicago, Illinois 60603
(312) 372-5200
FAX (312) 372-2778

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALVIN L. HINTZ, JR.,                    )
                                        )
            Plaintiff,                  )
                                        )
                                        )    No. 08-C-1444
                                        )
THE PRUDENTIAL INSURANCE                )    Judge Dow, Jr.
COMPANY OF AMERICA                      )
                                        )    Magistrate Judge Valdez
            Defendant.                  )

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

TO:    Thomas F. Hurka
       Charles C. Jackson
       John R. Richards
       Morgan, Lewis & Brockius, LLP
       77 West Wacker Drive, 5th Floor
       James R. Thompson Center
       Chicago, IL 60601

       PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 34, you are hereby requested

to make available at the offices of the undersigned, for the purposes of copying, within 30 days after

service hereof, the following described documents and things; and to furnish an affidavit certifying

that production is complete in accordance with this request.

*Definitions*

       1.    "Documents" includes, but is not limited to, all originals and copies (carbon,

photographic, microfilm or otherwise) of all written or printed matter, however produced or

reproduced, of every kind and description, correspondence, telegrams, books, letters, ledgers,

photographs, pictures, drawings, sketches, data sheets, motion pictures, publications,

advertisements, brochures, pamphlets, recordings (tape, disc belt or any other type), writings,

graphs, charts, phonograph records, facsimile, electronic mail and other data compilations from which information can be obtained, translated, if necessary, by defendant through detection devices into reasonably usable form, which are in the actual or constructive possession, custody, care or control of defendant.

2.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any document which otherwise might be outside the scope of this request.

3.      "Relating to" includes constituting, referring to, pertaining to, evidencing, describing and having anything to do with, in each instance directly or indirectly.

4.      As used herein in reference to a person, "identify" shall mean to state the person's full name, last known residence address, last known business address, and to the extent that he is presently employed by another person, his employer's name and last known place of business.  If a person is deceased, "identify" shall mean to state the date and place of his death.

5.      To the extent any privilege is claimed with respect to any request made herein, you are requested to describe the nature of the documents, communications, or things not produced or disclosed and the exact privilege being claimed.

### *Requests*

1.      To the extent that it has not already been produced, the complete claim files (Bates stamped) maintained by the defendant in relation to any and all claims for long term disability income benefits claimed by the plaintiff as well as any appeals relating thereto.  This request includes, but is not limited to, claim forms, attending physician statements, correspondence, memoranda, e-mail, electronic or written claim logs or other means of recording events in relation to the claim, notes of reviewers, analysts, or other employees of defendant or

consultants/independent contractors utilized by defendant in analysis and/or adjudication of this claim, medical records, tax records, professional treatises and/or publications consulted specifically in relation to this claim, published or unpublished legal decisions specifically consulted in relation to this claim, results of any investigation of the plaintiff, videotapes, audio tapes, credit reports, financial reports, and any and all other documents sent to or received by defendant in relation to this claim from the plaintiff, his treating physicians or medical providers, his attorneys, or any other source, including correspondence or other documents sent to or received from any person or organization involved in the determination of this claim.

2.      A complete and certified copy of the employee benefit plan relating to disability insurance promulgated by the employer, policies of disability insurance and life insurance involved in this claim (and/or administrative services agreement), as well as any summary plan description applicable to this claim.

3.      A complete copy of any written or electronic manual, guidelines, protocols, standards, and criteria used by defendant in both the initial adjudication of long term disability claims, as well as administrative appeals of denied claims, including, but not limited to manuals, guidelines, protocols, standards, criteria, claims-handling directives, pamphlets, team meetings, e-mails, policy statements, or any other communication regarding the termination of claims or approval of claims used by defendant in determining the applicability of benefit durational limitations applied in relation to this claim.

4.      A complete copy of any written or electronic notes, memoranda, correspondence, directives, or other documents relating to instructions or directions given by any employee of defendant to any other employee or independent contractor involved in adjudicating this claim which relates to the adjudication or adjustment of plaintiff's claims for disability insurance and/or

all other insurance benefits, specifically, but not limited to, any documentary materials, training or instructional materials, seminar materials, or other documents of any kind which relate to the adjudication of claims involving allegations of cardiovascular impairments, chronic pain and chronic fatigue.

5.      A complete copy of any written or electronic notes, memoranda, correspondence, directives or other documents given by any employee of defendant to any other employee or independent contractor involved in adjudicating this claim which relates to any kind of payment structure, bonus structure or any other type of compensation or methodology for earning bonuses, warnings, raises, demotions or other changes to job title, salary or performance expectations corresponding to the adjudication, review and handling of disability claims at Prudential.

6.      Any and all correspondence, documents, invoices, records of payment, or other documents of any kind sent by or between the defendant and any and all consultants, third party contractors, vendors, or other non-employees of defendant involved in the adjudication of plaintiff's claim for disability benefits, in the appeal thereof.

7.      Any and all correspondence, documents, invoices, records of payment (regular compensation or bonus), or other documents of any kind sent by or between defendant and any claim administrator, reviewer or handler, or any other employee or independent contractor involved in the review and adjudication of plaintiff's claim for disability benefits.

8.      Curricula vitae or other information specified below for any of the individuals identified in response to Plaintiff's Interrogatory No. 1.  The information requested should include the individual's educational background, board certifications, professional certifications, professional experiences, publications, and materials prepared for presentations to other professionals involved in adjudicating disability claims.

_____
Attorney for plaintiff

Marcie E. Goldbloom
Daley, DeBofsky & Bryant
55 West Monroe Street, Suite 2440
Chicago, Illinois 60603
(312) 372-5200
FAX (312) 372-2778

## **CERTIFICATE OF SERVICE**

      Marcie E. Goldbloom, the attorney, certifies that she served the foregoing Plaintiff's Request for Production of Documents by mailing a copy thereof to the individuals named below at Chicago, Illinois, on June 24, 2008.


TO:     Thomas F. Hurka
        Charles C. Jackson
        John R. Richards
        Morgan, Lewis & Brockius, LLP
        77 West Wacker Drive, 5th Floor
        James R. Thompson Center
        Chicago, IL 60601

                                    _____
                                      Marcie E. Goldbloom

Marcie E. Goldbloom
Daley, DeBofsky & Bryant
55 West Monroe Street, Suite 2440
Chicago, Illinois 60603
(312) 372-5200
FAX (312) 372-2778